IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABDULLAH HANEEF IBN-SADIIKA,** : | **CIVIL ACTION NO. 1:07-CV-0572** |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** : | |
| **Defendants** : | |

## **ORDER**

AND NOW, this 28th day of March, 2007, upon consideration of the complaint in the above-captioned case (Doc. 1, Ex. A), and it appearing that many of the paragraphs in the complaint are not limited to a single set of circumstances, see FED. R. CIV. P. 10(b) ("All averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited . . . to a statement of a single set of circumstances . . . ."), and that the complaint sets forth neither a short nor plain statement of the claims, see FED. R. CIV. P. 8(a) ("A [complaint] . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."), but contains lengthy and verbose factual averments and legal arguments, see FED. R. CIV. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct."); see also In re Westinghouse Sec. Litig., 90 F.3d 696, 702-03 (3d Cir. 1996) (holding that the district court did not abuse its discretion in dismissing counts, pursuant to Rule 8, in a complaint that was "unnecessarily complicated and verbose" and included an overview of the alleged wrongful

conduct); id. at 703 ("We see nothing to prevent the district court . . . from requiring, as a matter of prudent case management, that plaintiffs streamline and reorganize the complaint before allowing it to serve as the document controlling discovery, or, indeed, before requiring defendants to file an answer." (citation omitted)); Burks v. City of Phila., 904 F. Supp. 421, 424 (E.D. Pa. 1995) (striking the complaint in its entirety because it "is a fact-laden . . . narrative that describes in unnecessary, burdensome, and often improper argumentative detail, every instance of alleged racial discrimination perpetrated . . . . [and] reads more like a novel than the legal pleading it purports to be"), it is hereby ORDERED that:

1. The complaint (Doc. 1) is STRICKEN in its entirety.

2. Plaintiff shall file an amended complaint, on or before April 27, 2007, in conformity with the requirements of the Federal Rules of Civil Procedure.  See, e.g., FED. R. CIV. P. 8(a), (e), 10(b).  Failure to comply with this paragraph will result in the dismissal of this case.

3. The Clerk of Court shall send a copy of the complaint and exhibits (Doc. 1, Ex. A) to *pro se* plaintiff, via regular mail.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge